IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JIM H. FRENCH** | No. 2:16-cv-01912-MO |
| Plaintiffs, | |
| | OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT |
| v. | |
| **BRAD CAIN,** Superintendent; **SNAKE RIVER CORRECTIONAL INSTITUTION**; **AMY HUGHS [sic],** Head Nurse; **STEVE SHELTON**, Director; **HASSELBACH, RN**; **PIEKARZ, RN** et al.; **JANE DOE**; | |
| Defendants. | |

**MOSMAN, J.**,

Plaintiff Jim H. French is proceeding *pro se* in this 42 U.S.C. § 1983 civil rights action. Mr. French is in the custody of the Oregon Department of Corrections ("ODOC") and is incarcerated at the Snake River Correctional Institution ("SRCI"). In his Second Amended Complaint, which names Brad Cain, Aimee Hughes, Steve Shelton, M.D., and Debra Hasselbach and Malica Piekarz as defendants, Mr. French alleges a violation of his Eighth Amendment right to be free from deliberate indifference to his serious medical needs based on the denial of his prescribed medication. Defendants move for summary judgment on Mr. French's claims. For the reasons explained below, I DENY Defendants' Motion for Summary Judgment [33] as moot with respect to their Eleventh Amendment ground, GRANT the Motion with respect to the three other grounds and dismiss this case with prejudice.

## BACKGROUND

Mr. French suffers from mental illness and controls his illness by taking three medications, one of which is Hydroxyzine. (Second Am. Compl. at 3, dkt. no. 14). Mr. French's Second Amended Complaint raises two almost identical claims of deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (*Id.* at 3-5).

Specifically, Mr. French alleges defendant Hasslebach wrongly denied him his Hydroxyzine on December 23, 2015, by drawing a line through the medication chart showing it as discontinued even though the medication was neither expired nor cancelled by a doctor. (*Id*. at 3 and 5). Although he received his Hydroxyzine as prescribed for the next few days, Mr. French alleges defendant Piekarz again wrongfully denied his medication on December 28, 2015. (*Id.*). According to Mr. French, defendant Piekarz sent his Hydroxyzine back to the pharmacy without any order from a doctor to do so. (*Id.*). Mr. French also alleges that defendants Hasslebach and Piekarz's failure to give him his medication on those two dates[1] caused him to engage in misconduct at his job on December 30, which resulted in him losing his job, losing his honors housing, and incurring other discipline. (*Id.* at 3 and exhibit 6).

Defendants filed a Motion for Summary Judgment on September 8, 2017. Defendants Cain, Hughes, and Shelton assert they are entitled to summary judgment because Mr. French has failed to allege their personal involvement in the alleged Eighth Amendment violations. (Mot. Summ. J. at 7-9, dkt. no. 33). All Defendants allege they are entitled to summary judgment on the claims against them in

---

[1] In his Declaration in Support of Defendant's Motion for Summary Judgment, Christopher DiGiulio, M.D. says Mr. French missed his Hydroxyzine more than twice, and Mr. French disagrees. (Resp. at 6, dkt no. 39 ("Defendants are saying that the Defendant's didn't give Plaintiff his medication on the following days: 'December 26th, and the 27th. ' This is simply wrong . . .."). This dispute over how many days Mr. French missed his Hydroxyzine, however, is irrelevant and does not preclude entry of summary judgment. *See e.g. Anderson v Liberty Lobby, Inc.*, 477 U.S. 242, 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.").

their official capacity because the Eleventh Amendment bars these claims. (*Id.* at 9-10). Defendants Hasselbach and Piekarz allege they are entitled to summary judgment because Mr. French fails to allege facts sufficient to establish an Eighth Amendment violation. (*Id.* at 10-14). Finally, Defendant Hasselbach and Piekarz argue, even if Mr. French has established an Eighth Amendment violation, qualified immunity shields them from liability. (*Id*. at 14-5).

On September 11, 2017, the Court issued a Summary Judgement Advice Notice and Scheduling Order. As well as setting deadlines for Mr. French's Response, the Order explained that, if granted, Defendants' Summary Judgment Motion could end Mr. French's case and explained what Mr. French needed to do to oppose the Motion. (Order, dkt. no. 35). Mr. French filed a Response to Defendants' Motion on November 2, 2017. Then, Mr. French filed a "Motion to Extend [the] Time to Refile Response to Motion for Summary Judgment," which I construed as a motion for an extension of time to refile his Response. I allowed, but did not require, Mr. French to refile his response and noted if he did not refile a response, I would consider the November 2, 2017, Response in deciding the summary judgment motion. (Order, dkt. no. 43).

Mr. French did not refile his Response, but he did file exhibits in support of his Response on December 5, 2017. The exhibits Mr. French filed on December 5, 2017, largely mirror the exhibits attached to his Second Amended Complaint. I accept Mr. French's exhibits filed on December 5, 2017, and consider them and his November 2, 2017, Response in deciding Defendants' Summary Judgment Motion. Defendants did not file a Reply.

**LEGAL STANDARD**

At summary judgment, the moving party bears the initial burden of pointing out the absence of a genuine issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). This burden is met either by "produc[ing] evidence negating an essential element of the nonmoving party's claim or show[ing] that

the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc*., 210 F.3d 1099, 1103 (9th Cir. 2000). If the moving party carries its burden, the burden shifts to the non-moving party to set forth evidence to support its claim and to show there is a genuine issue of fact for trial. *Id*. The court views the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) (quotations and citation omitted). This is especially true when the non-movant is a *pro se* litigant. *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984) (stating *pro se* pleadings are liberally construed, particularly where civil rights claims are involved). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587 (quotations and citation omitted).

## DISCUSSION

### I. <u>Motion for Summary Judgment Based on Eleventh Amendment.</u>

In his Response, Mr. French clarifies that he intended to sue Defendants in their individual capacities. (Resp. at p. 16, dkt. no. 39). Accordingly, I DENY Defendants' Motion for Summary Judgment based on the Eleventh Amendment barring claims against them in their official capacities as moot.

### II. <u>Motion for Summary Judgment on Claims against Defendants Cain, Hughes, and Shelton</u>.

Defendants assert they are entitled to summary judgment on Mr. French's claims against defendants Cain, Hughes, and Shelton because Mr. French did not allege personal participation by any of these three defendants in the violation of his Eighth Amendment rights. In his Response, Mr. French argues that defendant Hughes is individually liable because she supervises the nurses at SRCI, and she "should have known what the other nurses were doing, yet chose to do nothing about it." (Resp. at 3-4, dkt. no. 39). He additionally alleges that defendants Cain, Hughes, and Shelton all "play[ed] a

supervisory role . . . in the alleged deprivation" and they "should not be dismissed out of hand." (*Id.* at 18-19).

It is well established that liability under section 1983 arises only upon a showing of personal participation by the defendant in the alleged constitutional deprivation. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (There is no respondeat superior liability under [§] 1983."). "A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.

Mr. French does not allege any facts in his Second Amended Complaint that establish that defendants Cain, Hughes, or Shelton participated in or directed the denial of his medication, or knew of the deprivation and failed to act or to prevent it. Mr. French's conclusory allegation that defendant Hughes *should* have known what the other nurses were doing does not establish defendant Hughes actually had any knowledge that Mr. French had missed his medication twice. Similarly, Mr. French's conclusory statement that these three defendants "played a supervisory role" in denying his medication falls short of the necessary showing of any personal participation in the alleged violation of Mr. French's constitutional right. I find Mr. French has failed to allege facts establishing personal participation by these three defendants.

### III. Motion for Summary Judgment Based on Failure to Establish an Eighth Amendment Violation.

Defendants assert they are entitled to summary judgment because Mr. French fails to establish an Eighth Amendment violation in either of the two claims in his Second Amended Complaint. While Defendants admit that Mr. French missed doses of his Hydroxyzine in December 2015, they provide

evidence that the failure to give him his medication was accidental. Specifically, Defendants rely on the Declaration of Christopher DiGiulio, M.D. Acting Medical Director of the ODOC and Mr. French's medical records, which are ODOC records kept in the normal course of business. The medical records show that Mr. French's psychiatric mental health nurse practitioner renewed his Hydroxyzine prescription on December 23, 2015. (DiGiulio Decl. at ¶ 9, dkt. 34). Unfortunately, however, the registered nurse who reviewed the order (neither defendant Hasselbach nor defendant Piekarz) crossed out the old prescription record but did not write the new prescription in Mr. French's medical administration record or add a new sticker. (*Id.*). As a result, it looked like Mr. French's Hydroxyzine prescription was discontinued to the registered nurses who were charged with dispending medication on the "medline" to Mr. French. (*Id.*). Defendants provide evidence showing SRCI corrected this problem starting January 1, 2016. (*Id.* at ¶ 10-11).

Success on an Eighth Amendment claim for denial or delay of medical care requires a showing that prison officials acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104, 106 (1976). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id.* at 104. A prison official acts with deliberate indifference if he or she knew of and disregarded an excessive risk to inmate health and safety. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Even gross negligence is not enough to establish deliberate indifference to serious medical needs. *Toguchi*, 391 F.3d at 1060.

Although Mr. French disputes the veracity of Dr. DiGiulio's statements in his Response, he does not provide any evidence to refute the proof Defendants have offered that show the denial of his

Hydroxyzine in December 2015 resulted from negligence. *Nissan Fire & Marine Ins. Co.* 210 F.3d at 1103 (stating if moving party carries its burden of production, the nonmoving party must produce evidence to support its claim). Accordingly, I find Mr. French has failed to establish a claim for deliberate indifference to his serious medical needs.

   **IV.   Qualified Immunity.**

Defendants assert qualified immunity shields defendants Hasselbach and Piekarz (the only defendants personally involved in the denial of Mr. French's medication) from liability for the alleged violation of Mr. French's constitutional rights. I agree.

Resolving a qualified immunity claim is a two-step analysis. A judge first decides whether the facts a plaintiff has alleged establishes a violation of a constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Then, the judge considers whether the right at issue was "clearly established" at the time of the alleged violation. *Id.* Here, even assuming that defendants Hasselbach and Piekarz did violate Mr. French's constitutional rights when they did not give him his medication, it was not clear to either defendant that her conduct in not dispensing Hydroxyzine to him was unlawful. Instead, based on Mr. French's medication administration record, it appeared that Mr. French's prescription for this medication had been discontinued and defendants Hasselbach and Piekarz reasonably believed they were administering all the medications prescribed to Mr. French.

///
///
///
///
///
///

## V. Conclusion.

I DENY Defendants' Motion for Summary Judgment [33] as moot with respect to their Eleventh Amendment ground and GRANT the Motion with respect to the three other grounds. I dismiss Mr. French's Amended Complaint with prejudice.

DATED this 30th day of March, 2018.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge